172 So.2d 451 (1965)
CITY OF FORT LAUDERDALE, Florida, Appellant,
v.
TOWN OF HACIENDA VILLAGE, INC., Florida, et al., Appellees.
No. 33547.
Supreme Court of Florida.
February 17, 1965.
Rehearing Denied March 29, 1965.
C. Shelby Dale, James E. Edwards and William J. Lee, Fort Lauderdale, for appellant.
John D. Kruse, Fort Lauderdale, for appellees.
THORNAL, Justice.
We have for review by appeal a decree of a chancellor which held invalid a section of Chapter 63-1335, Laws of 1963.
The pivotal problem involves the extent of the power of the Florida Legislature to control the annexation of territory by a municipal corporation.
By Chapter 63-1335, supra, the Florida Legislature amended the Charter of the City of Fort Lauderdale. Chapter 57-1322, Laws of 1957. By the 1963 Act, the Legislature established a so-called "Greater Fort Lauderdale Area." The Act described certain territory contiguous to the existing boundaries of the City. It further provided *452 that all, or any part of this territory, could subsequently be annexed to Fort Lauderdale by certain procedure, including a referendum of the electorate in the area to be annexed. Included in the outlying territory were certain parcels on the west described as parcels A, B, C and D. These parcels were set aside "to be eventually integrated into the City of Fort Lauderdale" in the manner prescribed by the statute. The 1963 Act further amended Section 9.1(g) of the City Charter. As amended, this provision reads as follows:
"(g) The parcels or any part thereof described in this section shall not have the power or authority to incorporate nor shall any other municipality have authority to annex the aforesaid areas or parts thereof."
Subsequent to the 1963 statute the appellee Town of Hacienda Village, Inc., proceeding under Section 171.04, Florida Statutes, F.S.A., undertook to annex parcel C, above mentioned. The City of Fort Lauderdale thereupon filed the instant proceeding for a declaratory decree to determine whether, under the circumstances, the annexation by Hacienda was valid. The chancellor concluded that Section 9.1(g) supra, was unconstitutional. He approved the annexation by Hacienda. This appeal ensued.
Fort Lauderdale here contends that the 1963 statute was a valid Legislative enactment providing for the orderly growth and development of that city.
Hacienda contends that by the statute, the Legislature undertook to create a new municipal category of "reserved lands" not authorized by the Constitution.
It is well to lay aside problems which are not here presented. We are not confronted with a citizen's assault on the validity of the annexation of his property. State ex rel. Davis v. Stuart, 97 Fla. 69, 120 So. 335, 64 A.L.R. 1307. It should also be noted that we are not faced by the contention of any citizen, or group of citizens regarding the restriction against the possible organization of a new municipality under Chapter 165, Florida Statutes, F.S.A. The instant litigation is simply a contest between two competitive municipal corporations, to determine which may exercise governmental power over a particular area.
Short of invading private property rights, the Legislature has plenary power to fix municipal boundaries and to establish municipal jurisdiction over any part of the State. It is for the Legislature to determine when and to what extent a particular area of the State shall be incorporated. There is no purely private right to have any particular area invested with the powers of municipal government. The ultimate decision in such matters is purely a legislative function which the people have granted to the State Legislature by the Constitution itself. Article VIII, Section 8, Florida Constitution, F.S.A. Incidentally, we are not here dealing with the possible impact of Article VIII, Section 11, Florida Constitution, which affects only Dade County.
In performing these functions the Legislature is empowered to fix boundaries to accommodate both the present needs and future growth of a municipality. The urbanization of the State is evidenced by the extensive development of metropolitan areas in the environs of large cities. This condition not only justifies but, in many instances, actually requires a long range legislative perspective in planning the orderly development of these metropolitan areas. Gillete v. Tampa, Fla., 57 So.2d 27.
We judicially know that the Fort Lauderdale section is one of the fastest growing metropolitan areas in the state. In 1950, the Fort Lauderdale census numbered 36,328. In 1960, it numbered 83,648. Even more persuasively we note that in 1950, the population of the Fort Lauderdale-Hollywood metropolitan area totalled 83,933. In 1960, this same area had grown to *453 333,946. The World Almanac 1964, p. 264 and p. 299. As we noted in Gillete v. Tampa, supra, it is altogether appropriate that the Legislature recognize the local governmental needs of this type of area and provide for its orderly municipal development and expansion.
The effectiveness of annexation legislation may be made contingent upon and determined by the occurrence of some future event, such as a referendum. We have held that the Legislature has the power to create a metropolitan area around a growing city and provide for the annexation of all or parts of the area by a subsequent referendum in the parcel to be annexed. Gillete v. Tampa, supra.
The Legislature may expressly prohibit the expansion of municipal territory by the independent action of a municipal corporation. State v. Homestead, 100 Fla. 354, 130 So. 28. This is consistent with the rule that municipal power derives from the legislative action which brings it into being. In the instant situation the Legislature clearly had the power to create the "Greater Fort Lauderdale Area". Similarly, it had the power to prohibit the expansion of the Hacienda municipal limits into that area. This was the effect of the applicable provision of Section 9.1(g) of the Fort Lauderdale charter which was struck down by the chancellor. Under the Florida Constitution, Article VIII, Section 8, supra, the Legislature is extended plenary authority to grant and likewise restrict the exercise of municipal power.
When the Fort Lauderdale charter provision is considered in pari materia with Hacienda's asserted power to act under Section 171.04, supra, it seems clear that the Town of Hacienda Village had been prohibited from expanding its limits into the area here involved. It is simply a matter of a legislative restriction upon a city's power to act in a particular instance. We find no constitutional prohibition against the imposition of such a restriction. We are led, therefore, to conclude that the chancellor committed error in holding the subject statute unconstitutional.
The final decree is reversed and the cause is remanded to the chancellor for further proceedings and the entry of a decree consistent herewith.
It is so ordered.
DREW, C.J., and THOMAS, O'CONNELL and ERVIN, JJ., concur.
ROBERTS and CALDWELL, JJ., dissent.