PER CURIAM.
This is an appeal from the denial of a “motion to dismiss or to transfer” based upon improper venue. In a previous appeal of this same matter[1] this Court held that appellants (defendants) had failed to establish proper venue by sworn proof and we reversed an order granting a change in venue. On remand, the trial court denied a further transfer of the cause after the appellants had attempted to show, by affidavit, that the cause of action accrued in Glades County, Florida.
Appellees alleged in their complaint that a boating accident occurred “on the Rim Canal approximately one mile east of Moore Haven, within the confines of the State of Florida. . . . ” Appellants’ motion to dismiss or transfer was accompanied by an affidavit of the individual defendant wherein he stated that he operated his vessel “on the Rim Canal one mile east of Moore Haven, Glades County, Florida.” We take judicial notice that one mile east of Moore Haven, Florida is wholly within the boundaries of Glades County, Florida, and the Rim Canal is bordered on both sides by lands within Glades County. Accordingly, this cause of action accrued in Glades County and appellants’ affidavit was sufficient to support the motion for transfer. See Section 47.011, Florida Statutes (1979).
REVERSED AND REMANDED.
LETTS, C. J., and MOORE, J., concur.
ANSTEAD, J., dissents with opinion.

. Magee v. Liberty Mut. Ins. Co., 366 So.2d 827 (Fla. 4th DCA 1979).