587 So.2d 633 (1991)
Willie GRAVES, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-424.
District Court of Appeal of Florida, Third District.
October 15, 1991.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
PER CURIAM.
We affirm appellant's conviction for the sale of cocaine within 1,000 feet of school property. § 893.13(1)(e), Fla. Stat. (1989). We disagree with appellant's claim that the trial court erroneously admitted into evidence a survey map which was used by the state to demonstrate the location of the school in relation to the alleged drug transaction. The map is labeled Dade County Public School Board. Affixed to it is the seal of a professional surveyor and attached to it is an affidavit from a coordinator in the Site Planning and Government Liaison Department for the Dade County School Board.
Prior to trial, the state moved the court to take judicial notice of the map pursuant to sections 90.202(11), 90.202(12), and 90.203, Florida Statutes (1989). These sections provide:
90.202 Matters which may be judicially noticed.  A court may take judicial notice of the following matters, to the extent that they are not embraced within s. 90.201:
... .
(11) Facts that are not subject to dispute because they are generally known within the territorial jurisdiction of the court.
(12) Facts that are not subject to dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned.
§ 90.202(11) and (12) (1989).
90.203 Compulsory judicial notice upon request.  A court shall take judicial notice of any matter in s. 90.202 when a party requests it and:
(1) Gives each adverse party timely written notice of the request, proof of which is filed with the court, to enable the adverse party to prepare to meet the request.
(2) Furnishes the court with sufficient information to enable it to take judicial notice of the matter.
§ 90.203 (1989).
The defense argued in part that the court could not take judicial notice of the map because it could not judicially notice a fact which constitutes an element of the crime charged. The map in the instant case clearly did not establish an element of the crime. The map was used at trial only to aid the officer testifying to the jury as to the actual site he had made his measurements. The map could be judicially noticed under the cited statutes and that was properly done. Thus, the map became part of the cumulative evidence upon which defendant's conviction was based.
*634 We find other points raised by appellant equally unmeritorious and, accordingly, we affirm the conviction and sentence entered below.