675 So.2d 632 (1996)
Victor CORDOVA, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-3015.
District Court of Appeal of Florida, Third District.
May 29, 1996.
*634 Bennett H. Brummer, Public Defender, and Julie M. Levitt, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Mark Rosenblatt, Assistant Attorney General, for appellee.
Before NESBITT, JORGENSON and GODERICH, JJ.
NESBITT, Judge.
The defendant-appellant, Victor Cordova, appeals a lower court order finding him guilty of indirect criminal contempt for violating an injunction for protection against domestic violence under section 741.30(9)(a), Florida Statutes (1993). Cordova claims the trial court erred in taking judicial notice of the fact that he had been served with a copy of the injunction. While his argument is well taken, we affirm his conviction on other grounds.
The trial court, based on a petition from Blanca Iris Colon, issued a permanent injunction for protection against Cordova on March 16, 1994. Cordova allegedly violated provisions of the injunction, and on April 21 the trial court issued a rule to show cause why he should not be held in contempt for such violations. Before the bench trial on this matter, the state filed a request, opposed by defense counsel, that the trial court judicially notice the fact that Cordova was served with the injunction he was alleged to have violated.
When the case was called, the court heard argument of counsel and, after noting that the issue had been "coming up and coming up" in domestic violence cases, judicially noticed the fact that Cordova had been served with the injunction based, in part, on the stamped return of service. The court ultimately found Cordova guilty of contempt and sentenced him accordingly.
The central issue presented by this appeal is whether a trial court may judicially notice the fact that a defendant was served with an injunction where he is charged with indirect criminal contempt for violating its provisions. Both parties and the lower court correctly agreed that notice of an injunction is an essential element of the charge of violating its provisions. See § 38.23, Fla.Stat. (1993); 11 Fla.Jur.2d Contempt § 36 (1979). Proof that Cordova was served with the injunction, therefore, as a means of providing him notice, was critical.
In a criminal case, it is fundamental "that the prosecution must prove every essential element of the crime charged," Purifoy v. State, 359 So.2d 446, 449 (Fla.1978), by proof beyond a reasonable doubt. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Thus, we must look to the effect judicial notice has on the state's constitutional burden.
*635 Before the enactment of the evidence code, the general rule in Florida was that judicial notice of a fact merely meant that it was "taken as true without the necessity of offering evidence by the party who should have ordinarily done so." § 90.206, Fla.Stat.Ann. (West 1979) (Law Revision Council Note 1976) (quoting Makos v. Prince, 64 So.2d 670, 673 (Fla.1953)). The rule did not prevent an opposing party from introducing rebuttal evidence after a fact had been noticed, and when he or she did so, the matter was presented to the jury for its determination. Id. In other words, judicial notice served as prima facie evidence of the fact so noticed.
When the evidence code was first enacted in 1976, "section 90.206 provided that during the trial the court shall instruct the jury to accept as a fact a matter of judicial notice." Charles W. Ehrhardt, Florida Evidence § 206.1 (1996). The Law Revision Council Notes clearly indicated an intent to break with the previous rule. A matter judicially noticed was meant to be binding on the trier of fact and no evidence disputing or rebutting the matter was to be permitted once it had been so noticed by the judge. See § 90.206, Fla.Stat.Ann. (West 1979) (Law Revision Council Note1976).
"In the 1978 amendment to section 90.206 the legislature changed the word `shall' to `may' so that the provision now reads that the judge `may instruct the jury during the trial to accept as a fact a matter judicially noticed.'" Ehrhardt, supra, § 206.1. Professor Ehrhardt argues that the legislature's intent in making such a change is unclear. Id. One interpretation of the change, according to the professor, is that "the court was granted the discretion to determine whether taking judicial notice of a particular fact is conclusive as to that fact or whether the opposing party can introduce conflicting evidence." Id. The other interpretation, which Ehrhardt finds preferable, "is that the amendment did not change the conclusive nature of judicial notice, but that the legislature recognized that it might be cumbersome during a trial to repeat the comment to a jury each time a fact is noticed and that the trial judge should have the discretion to determine whether an instruction is necessary." Id.
Notwithstanding Ehrhardt's argument regarding the amendment's ambiguity, and his preference for the latter interpretation, the commentary to the 1978 amendment indicates that the former interpretation was the one intended. It provides as follows:
This amendment provides that the trial judge has discretion to determine whether the jury must accept as conclusive a fact which has been judicially noticed. There are no guidelines for the court to use in exercising this discretion. If the court determines that judicial notice of a fact is not conclusive, the introduction of evidence disputing the fact could be permitted, see Makos v. Prince, 64 So.2d 670 (Fla.1953), or the jury could be instructed that it may, but is not required to, accept as conclusive the fact judicially noticed, see Fed.Rule Evid. 201(g).
§ 90.206, Fla.Stat.Ann. (West 1979) (Commentary on 1978 Amendment).
The commentary's final reference to the federal rule is especially instructive with regard to criminal cases. That rule provides in pertinent part: "In a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed." Fed.R.Evid. 201(g). Congress felt this rule was constitutionally mandated by a criminal defendant's Sixth Amendment right to a jury trial, United States v. Jones, 580 F.2d 219, 223-24 (6th Cir.1978), and it has been subsequently construed to be so. United States v. Mentz, 840 F.2d 315, 322 (6th Cir.1988). Put differently, in a criminal case, judicial notice should only be used as a device to establish the prima facie existence of a particular fact which the finder of fact is free to disregard despite the defendant's failure to introduce evidence to the contrary.
In the instant case, the trial court sat as the finder of fact. Cordova was not entitled to a trial by jury. Wells v. State, 654 So.2d 146 (Fla. 3d DCA 1995). Thus, a question arises as to whether the foregoing principles, grounded in the Sixth Amendment right to a *636 jury trial, are applicable in a case such as this where the right does not attach.
Conclusive judicial notice enjoys many similarities with, and has much the same effect as, a mandatory presumption. "A mandatory rebuttable presumption requires the trier of fact to presume an element of a crime upon proof of a basic or evidentiary fact unless the defendant comes forward with evidence to rebut the finding of that element." Marcolini v. State, 673 So.2d 3 (Fla.1996) (citations omitted). "Such a presumption violates a defendant's due process rights by relieving the State of the burden of persuasion." Id. at 4. Conclusive judicial notice not only establishes the existence of a particular fact, it precludes the adverse party from introducing evidence to rebut it. Such a device would certainly run afoul of the same due process rights implicated in the case of mandatory presumptions. Even in the case of a bench trial, judicial notice "must not undermine the factfinder's responsibility at trial, based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt." County Court of Ulster County, N.Y. v. Allen, 442 U.S. 140, 156, 99 S.Ct. 2213, 2224, 60 L.Ed.2d 777 (1979). Accordingly, much like a permissive inference, a constitutional use of judicial notice in a criminal case allows, but does not require, the trier of fact to accept as true a fact so noticed.
Having determined that judicial notice of elemental facts in a criminal case is constitutionally permissible, we now turn our attention to whether judicial notice was correctly taken in this case. The state argues that the trial court properly took judicial notice under either of the following provisions:
90.202 Matters which may be judicially noticed.A court may take judicial notice of the following matters, to the extent they are not embraced within s. 90.201:
(11) Facts that are not subject to dispute because they are generally known within the territorial jurisdiction of the court.
(12) Facts that are not subject to dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned.
§ 90.202(11), (12), Fla.Stat. (1993). Clearly, the fact that Cordova was served with a copy of the injunction is not "generally known within the territorial jurisdiction of the court." Id.; see Huff v. State, 495 So.2d 145, 151 (Fla.1986) (holding that fact must be of "common notoriety" before it may be judicially noticed); McDaniels v. State, 388 So.2d 259, 260 (Fla. 5th DCA 1980) (stating "[j]udicial notice may be taken of matters that are commonly known, but may not be used to dispense with proof of essential facts that are not judicially cognizable"). Compare McKinney v. State, 640 So.2d 1183 (Fla. 2d DCA 1994) (finding judicial notice that school was a "school" was proper in prosecution for selling drugs within 1000 feet of school property).
Next, we note that service of the injunction on Cordova is not the type of fact that is not subject to dispute because it is capable of accurate and ready determination by resort to a source whose accuracy cannot be questioned. § 90.202(12), Fla.Stat. (1993); see, e.g., City of Fort Lauderdale v. Town of Hacienda Village, Inc., 172 So.2d 451 (Fla. 1965) (population statistics); Barry v. Garcia, 573 So.2d 932, 933 n. 1 (Fla. 3d DCA), rev. denied, 583 So.2d 1034 (Fla.1991) (prior civil unrest); Graves v. State, 587 So.2d 633 (Fla. 3d DCA 1991) (geographic fact); Liberty Mut. Ins. Co. v. Magee, 389 So.2d 1090 (Fla. 4th DCA 1980) (same).
Despite our holding that the lower court incorrectly judicially noticed the fact that Cordova was served with the injunction, "[w]e apply the familiar rule that an appellate court will not reverse when the trial court reaches the right result for the wrong reason." Irving v. State, 627 So.2d 92, 94 n. 1 (Fla. 3d DCA 1993).[1] In cases such as this, the trial court may correctly allow the state to use a permissive inference to establish the *637 fact of service. "A permissive inference allows, but does not require, the trier of fact to infer an elemental fact [service] upon proof of a basic fact [return of service] and places no burden on the defendant." Marcolini, 673 So.2d at 5. We believe such an inference passes the "rational connection test," as the fact of service "more likely than not" flows from the return of service. Id. The defendant, of course, is permitted to introduce evidence to rebut the basic and elemental facts.
The return of service itself, while hearsay, is admissible in evidence under the public records exception, section 90.803(8), Florida Statutes, and United States v. Union Nacional de Trabajadores, 576 F.2d 388, 390-91 (1st Cir.1978), which we find persuasive. See Dinter v. Brewer, 420 So.2d 932, 934 n. 2 (Fla. 3d DCA 1982) (noting persuasive character of federal decisions construing similar federal rules).
For the foregoing reasons we affirm Cordova's conviction and sentence.
Affirmed.
NOTES
[1] We note that nowhere in the record or in the briefs does defense counsel ever dispute that Cordova actually was served with the injunction, though he was given ample opportunity to do so. His sole argument below and on appeal was that the trial court erred, as a matter of law, in judicially noticing service of the injunction.