746 So.2d 527 (1999)
James E. BRAKE, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 98-02773.
District Court of Appeal of Florida, Second District.
December 10, 1999.
Ronald J. Filipkowski of Filipkowski & Haynes, P.A., Sarasota, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
*528 DANAHY, PAUL W., (Senior) Judge.
James E. Brake, Jr., challenges the judgment and sentence imposed after the entry of his no contest plea to the offense of luring or enticing a child under section 787.025, Florida Statutes (1997). Brake reserved the right to appeal the denial of his motion to dismiss on the grounds that section 787.025 is unconstitutionally vague in that it does not define the term "other than lawful purpose." The trial court's denial of the motion to dismiss is the sole issue on appeal. We agree with Brake's argument that the statute is unconstitutionally vague and, accordingly, reverse his conviction.
Section 787.025 makes it a third-degree felony for an adult who has previously been convicted of a sexual offense under either chapter 794 or section 800.04, or under a similar law of another jurisdiction, to intentionally lure or entice, or attempt to lure or entice, a child under the age of twelve "into a structure, dwelling, or conveyance for other than a lawful purpose." See § 787.025(2)(a).
We begin our analysis by noting that a statute is void for vagueness if it fails to give persons of common intelligence adequate warning of the proscribed conduct. See Hankin v. State, 682 So.2d 602 (Fla. 2d DCA 1996). A statute is also unconstitutionally vague if its wording would encourage arbitrary and erratic enforcement. See Woods v. State, 740 So.2d 20 (Fla. 1st DCA), review granted, 740 So.2d 529 (Fla.1999); Morey's Lounge, Inc. v. State, Department of Bus. & Prof'l Regulation, 673 So.2d 538 (Fla. 4th DCA 1996). Where reasonably possible and consistent with constitutional rights, a court should uphold the validity of a statute. However, where there is doubt about the vagueness of a statute, the doubt should be resolved in favor of the defendant. See Brown v. State, 629 So.2d 841 (Fla.1994).
In the present case, in determining whether the term "lawful purpose" is unconstitutionally vague, we must look to see if our statutes, or any other material or usage outside of the statutes, give meaning to that particular term. In Cuda v. State, 639 So.2d 22 (Fla.1994), our supreme court held that the term "illegal use" in section 415.111(5), which made it a third-degree felony to exploit an aged person or disabled adult "by the improper or illegal use or management of the funds, assets, property, power of attorney, or guardianship" of that person was unconstitutionally vague. The deciding factor was that no other statutes lent meaning to the offending language. The statute was too vague to give notice and left the determination of a standard of guilt to be supplied by the courts or juries, which was an unconstitutional delegation of legislative authority.
In Cuda the court distinguished its earlier case of State v. Rodriquez, 365 So.2d 157 (Fla.1978). Rodriquez held that a statute prohibiting the use of food stamps in a manner "not authorized by law" was not unconstitutionally vague because chapter 409 gave notice that it was a federal program with federal regulations and "the Legislature, by the use of the language `not authorized by law' [meant] not authorized by state and federal food stamp law." Rodriquez, 365 So.2d at 159. Conversely, the Cuda court noted that in Locklin v. Pridgeon, 158 Fla. 737, 30 So.2d 102 (1947), there was nothing to supply added meaning to the language "authorized by law" in a statute which prohibited federal and state employees from using their authority to commit an act "not authorized by law." This court in Hankin v. State, 682 So.2d 602 (Fla. 2d DCA 1996), held that the term "illegal act" in a sentencing statute was not unconstitutionally vague because it was "defined by the latter part of the phrase that begins `by means of concealment, guile, or fraud.'" Hankin, 682 So.2d at 604.
In the present case, "lawful purpose" is not defined by anything in section 787.025 or anything in chapter 794 or section 800.04, which section 787.025(2)(a) incorporates *529 by reference. The State argues that the three affirmative defenses set forth in section 787.025(3) supply the requisite meaning to the term "lawful purpose." We conclude that there are two problems with this argument. First, 787.025(2)(b) states that the luring or enticing, or attempted luring or enticing, of the child into a structure, dwelling, or conveyance, without the consent of the child's parent or legal guardian "shall be prima facie evidence of other than a lawful purpose." The legislature has thus determined that the State may prove the mens rea portion of the offense, that the defendant had an other than lawful purpose, by proving that the defendant did not have the guardian's or the parent's permission to thus "lure" or "entice" the child. Under 787.025(3) a defendant may then rebut this prima facie case by establishing that either he or she reasonably believed the action taken was necessary to prevent serious injury to the child; that it was for a "lawful purpose"; or that the actions were reasonable under the circumstances and there was no intent to harm the child. This portion of the statute, which shifts the burden to the defendant to adduce evidence that he or she had a "lawful purpose" upon proof by the State of a lack of parental consent, constitutes a mandatory rebuttable presumption. "A mandatory rebuttable presumption requires the trier of fact to presume an element of a crime upon proof of a basic or evidentiary fact unless the defendant comes forward with evidence to rebut the finding of that element. Such a presumption violates a defendant's due process rights by relieving the State of the burden of persuasion." Marcolini v. State, 673 So.2d 3, 4 (Fla. 1996) (citations omitted). Thus, because the affirmative defenses are part of an unconstitutional mandatory rebuttable presumption, we cannot rely upon them to add meaning to the term "lawful purpose." Second, section 787.025(3)(b) provides that a defendant's "lawful purpose" in luring or enticing the child is in itself an affirmative defense. Therefore, any argument that the affirmative defenses add meaning to the term "lawful purpose" is circuitous.
Moreover, there is nothing in common usage that we can look to to help define the term "lawful purpose." Black's Law Dictionary states: "To say of an act that it is `lawful' implies that it is authorized, sanctioned, or at any rate not forbidden by law." Black's Law Dictionary 885 (6th ed.1990). It goes on to state that the word "lawful" "usually imports a moral substance or ethical permissibility." Id. An act may be "not forbidden by law" while that same act may not import "a moral substance or ethical permissibility." Thus, it is possible to reach different conclusions regarding whether an act is lawful using the definition provided by Black's Law Dictionary. For instance, in the present case, the probable cause affidavit reflects that appellant lured the victim to his home where, according to the victim, he asked for and received a hug and a kiss. The kiss and the hug appear to have been consensual. While this may be an act "not forbidden by law," it is highly unlikely that a jury would find such an act to be ethically permissible, especially under the circumstances in which it occurred. Unlike the defendant in State v. De La Llano, 693 So.2d 1075 (Fla. 2d DCA 1997), this is not a case where "the record establishes that the [appellant] engaged in some conduct clearly prohibited by the plain and ordinary meaning of the statute ... [and] is foreclosed from mounting a successful vagueness challenge to the statute and from complaining, because of a lack of standing, of its vagueness as applied to the hypothetical conduct of others." Id. at 1077.
We hold that section 787.025 is unconstitutionally vague in that the term "other than a lawful purpose" fails to give persons of common intelligence adequate notice of the proscribed conduct. We note, however, one way that the legislature could cure this problem is by leaving out the offending language and making it illegal for a convicted sex offender over the age of *530 eighteen, especially someone convicted of child sexual abuse, to lure or entice a child under twelve into a structure, dwelling, or conveyance without the permission of a parent or guardian.
We reverse appellant's judgment and conviction and remand to the trial court to grant appellant's motion to dismiss and to discharge him.
PARKER, A.C.J., and GREEN, J., Concur.