796 So.2d 522 (2001)
STATE of Florida, Appellant,
v.
James E. BRAKE, Jr., Appellee.
No. SC00-119.
Supreme Court of Florida.
September 20, 2001.
*525 Robert A. Butterworth, Attorney General, Robert J. Krauss, Senior Assistant Attorney General, and Diana K. Bock, Assistant Attorney General, Tampa, FL, for Appellant.
Peter S. Baranowicz of Baranowicz & Calderon, P.A., Venice, FL, for Appellee.
HARDING, J.
We have on appeal a decision of a district court of appeal declaring a state statute to be invalid. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const.
James E. Brake, Jr. was charged by information with violating section 787.025, Florida Statutes (1997).[1] This statute makes it a third-degree felony for a person over eighteen, who previously has been convicted of a violation of chapter 794,[2] section 800.04,[3] or a similar law in another state, to intentionally lure or entice a child under twelve years of age into a structure, dwelling, or conveyance for "other than a lawful purpose." Brake was previously convicted of indecency with a child in Texas, a crime which is similar to that proscribed under Florida's section 800.04.
According to the police report, on December 26, 1997, Brake approached M.C., a ten-year-old girl who was playing in front of her house, and asked her if she *526 wanted to see his house and get a toy. Brake gave M.C. a stuffed animal and she left with Brake on his bicycle. While inside his residence, Brake asked M.C. to give him a hug and a kiss, which she did. Brake also touched a mark on M.C.'s left inner thigh. Brake did not have permission or consent from M.C.'s parents to take her. M.C.'s parents reported her missing to their neighbors and M.C. was found ninety minutes later with Brake.
After the trial court denied Brake's motion to dismiss the information and declare section 787.025 unconstitutional, Brake entered a plea of nolo contendere, reserving the right to appeal the denial. Brake was sentenced to nine months in county jail with credit for time served and five years' probation.
The sole issue on appeal to the district court was the trial court's denial of Brake's motion to dismiss on the grounds that the statute was unconstitutionally vague for not defining the term "other than a lawful purpose." The Second District Court of Appeal ruled that the statute was unconstitutionally vague and reversed Brake's conviction. See Brake v. State, 746 So.2d 527 (Fla. 2d DCA 1999). The State appealed the case to this Court, based upon the district court's ruling that the statute is unconstitutional.
On appeal, the district court found section 787.025 to be unconstitutionally vague because it does not define the term "for other than a lawful purpose." Thus, the district court concluded that the statute fails to give persons of common intelligence adequate warning of the proscribed conduct and encourages arbitrary and erratic enforcement. See id. at 528. The district court further concluded that the three affirmative defenses set forth in the statute (that the defendant had a reasonable belief that the action was necessary to prevent serious injury to the child; that the action was for a lawful purpose; or that the defendant's actions were reasonable under the circumstances and defendant had no intent to harm the child) could not supply the requisite meaning to the vague term. The district court identified two problems with the affirmative defenses supplying the definition: (1) the affirmative defenses are part of an unconstitutional mandatory rebuttable presumption which relieves the State of the burden of persuasion (lack of consent of the child's parent "shall be prima facie evidence of other than a lawful purpose" which can be rebutted if defendant can adduce evidence of "lawful purpose"); and (2) it is circuitous to rely on the "lawful purpose" affirmative defense to give meaning to the "other than a lawful purpose" element of the offense. See id. at 529.
Initially, we address the State's contention that Brake has no standing to raise a facial challenge to the statute because his conduct (luring a child to his house with a toy and then asking for and receiving a hug and kiss from the child) is the very conduct that is clearly prohibited by the statute and this conduct is not constitutionally protected. As this Court explained in Sieniarecki v. State, 756 So.2d 68, 75 (Fla.2000), a person to whom a statute may constitutionally be applied lacks standing to raise a facial vagueness challenge on the ground that the statute may conceivably be applied unconstitutionally to others in situations not before the Court. If the record demonstrates that a defendant has engaged in some conduct clearly proscribed by the plain and ordinary meaning of the statute, then he cannot successfully challenge it for vagueness or complain of its vagueness as applied to the hypothetical conduct of others. See id.; see also McKenney v. State, 388 So.2d 1232, 1233 (Fla.1980) ("A person whose conduct clearly falls within the statute's *527 prohibition cannot reasonably be said to have been denied adequate notice.").
Sieniarecki involved the constitutionality of a statute which penalized a care giver for the neglect of a disabled adult. Sieniarecki was convicted under the statute when her physically incapacitated mother, who was under Sieniarecki's care, died from septicemia, which was aggravated by dehydration and malnutrition. This Court determined that the mother met the statutory definition of disabled, that the facts showed that Sieniarecki had assumed responsibility for the care of her mother, and that Sieniarecki's failure to address her mother's basic needs resulted in the mother's death and was squarely within the statute's proscriptions. Thus, this Court determined that not only was the statute constitutional as applied to Sieniarecki, but also that she lacked standing to raise a facial vagueness challenge. See id.
The instant case is distinguishable from Sieniarecki. Although Brake clearly falls into the group that the luring statute is intended to cover (persons over eighteen years of age who have previously been convicted of a chapter 794 sexual battery violation or a section 800.04 lewd or lascivious offense), it is not clear that he "has engaged in some conduct clearly proscribed by the plain and ordinary meaning of the statute" as did Sieniarecki. Thus, Brake has standing to bring a facial vagueness challenge.
While the Second District Court of Appeal found section 787.025 to be unconstitutionally vague, Brake argues on review before this Court that the statute is both unconstitutionally vague and overbroad. The doctrines of overbreadth and vagueness are separate and distinct. The overbreadth doctrine applies only if the legislation "is susceptible of application to conduct protected by the First Amendment." Southeastern Fisheries Ass'n, Inc. v. Department of Natural Resources, 453 So.2d 1351, 1353 (Fla.1984). Arguably, the statute can infringe upon constitutionally protected First Amendment freedoms of expression and association. Where the asserted overbreadth of a law may have a chilling effect on the exercise of First Amendment freedoms, a challenge will be permitted even by one who does not show that his own conduct is innocent and not subject to being regulated by a narrowly drawn statute. See State v. Ashcraft, 378 So.2d 284, 285 (Fla.1979). However, as discussed below, we find that the statute in the instant case can be interpreted in such a way that it passes both constitutional challenges.
The rules of statutory construction require this Court to resolve all doubts of a statute in favor of its validity, when reasonably possible and consistent with constitutional rights. See Brown v. State, 629 So.2d 841, 843 (Fla.1994); State v. Wershow, 343 So.2d 605, 607 (Fla.1977). However, any doubt as to a statute's validity that is raised in a vagueness challenge should be resolved "in favor of the citizen and against the state." Brown, 629 So.2d at 843; Wershow, 343 So.2d at 608.
In order for a criminal statute to withstand a void-for-vagueness challenge, the language of the statute must provide adequate notice of the conduct it prohibits when measured by common understanding and practice. See Brown, 629 So.2d at 842; see also Papachristou v. City of Jacksonville, 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). "The language of a statute must `provide a definite warning of what conduct' is required or prohibited, `measured by common understanding and practice.'" Warren v. State, 572 So.2d 1376, 1377 (Fla.1991) (quoting State v. Bussey, 463 So.2d 1141, 1144 (Fla.1985)).
*528 As this Court explained in Wershow,
The requirements of due process of Article I, Section 9, Florida Constitution, and the Fifth and Fourteenth Amendments to the Constitution of the United States are not fulfilled unless the Legislature, in the promulgation of a penal statute, uses language sufficiently definite to apprise those to whom it applies what conduct on their part is prohibited. It is constitutionally impermissible for the Legislature to use such vague and broad language that a person of common intelligence must speculate about its meaning and be subjected to arrest and punishment if the guess is wrong.
343 So.2d at 608; accord Wyche v. State, 619 So.2d 231, 236 (Fla.1993).
Additionally, the statute must define the offense in a manner that does not encourage arbitrary and discriminatory enforcement. See State v. Mark Marks, P.A., 698 So.2d 533, 537 (Fla.1997); Brown, 629 So.2d at 842. A statute may be worded so loosely that it leads to arbitrary and selective enforcement by vesting undue discretion as to its scope in those who prosecute. See McKenney, 388 So.2d at 1234.
However, the legislature's failure to define a statutory term does not in and of itself render a penal provision unconstitutionally vague. See State v. Fuchs, 769 So.2d 1006 (Fla.2000) (finding statute prohibiting contributing to the delinquency or dependency of a child not to be unconstitutionally vague). In the absence of a statutory definition, it is permissible to look to case law or related statutory provisions that define the term. See id. at 1009 (looking to other chapter laws and case law for definitions of dependent and delinquent). Further, where a statute does not specifically define words of common usage, such words are construed in their plain and ordinary sense. See State v. Mitro, 700 So.2d 643, 645 (Fla.1997).
In other cases where the exact meaning of a term was not defined in a statute itself, we have ascertained its meaning by reference to other statutory provisions, case law, or the plain and ordinary meaning of a word of common usage. See, e.g., Fuchs, 769 So.2d at 1010 (finding that term "contributing to the delinquency or dependency of a child" could be defined by reference to other chapters of Florida law and case law); Mitro, 700 So.2d at 645 (finding that statute requiring documentation of age for issuance of identification card containing date of birth was not unconstitutionally vague because statute referenced another Florida statute setting forth methods of acceptable proof of age for children being admitted to school and terms "available" and "authenticated" could be given their common dictionary definitions); L.B. v. State, 700 So.2d 370, 371 (Fla.1997) (looking to dictionary to ascertain the plain and ordinary meaning of "common pocketknife" in statute defining what constitutes a weapon which may not be possessed on school property); State v. Hagan, 387 So.2d 943, 945-46 (Fla.1980) (finding that prohibited netting area encompassed by the Charlotte County waters of Charlotte Harbor could be ascertained with particular exactitude by looking at a different statute which delineated the boundary lines of Charlotte County and that the terms "trawling operation" and "trawling net" could be defined by industry custom or by resort to a dictionary).
Here, we conclude that the term "for other than a lawful purpose" can be defined in a manner that saves the statute from the constitutional scrap heaps of vagueness and overbreadth and resolves any vagueness doubts in favor of defendants. See Brown, 629 So.2d at 843. While the district court found "nothing in *529 common usage" to help define the term, we conclude that the dictionary definition of "lawful," i.e., "being in harmony with the law," helps to illuminate the statutory term. Thus, the State must prove that the defendant lured or enticed the child into the structure, dwelling, or conveyance for an "illegal" purpose, i.e., with intent to violate Florida law by committing a crime. Under this interpretation, the statute provides adequate notice of the conduct it prohibits and is not susceptible of application to conduct protected by the First Amendment.
The district court also determined that the statute creates an unconstitutional mandatory rebuttable presumption in section 787.025(2)(b), which provides that luring a child "without the consent of the child's parent or legal guardian shall be prima facie evidence of other than a lawful purpose." Brake, 746 So.2d at 529.
A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts. See Francis v. Franklin, 471 U.S. 307, 314 n. 2, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985); County Court v. Allen, 442 U.S. 140, 157, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979) ("[A mandatory presumption] tells the trier that he or they must find the elemental fact upon proof of the basic fact, at least unless the defendant has come forward with some evidence to rebut the presumed connection between the two facts."). In contrast, a permissive inference suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion. See Francis v. Franklin, 471 U.S. at 314, 105 S.Ct. 1965. A mandatory rebuttable presumption requires the jury to find the presumed element once the State has proven the predicate facts giving rise to the presumption, unless the defendant persuades the jury that such a finding is unwarranted. See id. at 314 n. 2, 105 S.Ct. 1965; Sandstrom v. Montana, 442 U.S. 510, 517-18, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). Mandatory presumptions violate the Due Process Clause if they relieve the state of the burden of persuasion on an element of an offense. See Francis v. Franklin, 471 U.S. at 314, 105 S.Ct. 1965; Marcolini v. State, 673 So.2d 3, 4 (Fla.1996).
In assessing the constitutionality of such presumptions, the United States Supreme Court "has generally examined the presumption on its face to determine the extent to which the basic and elemental facts coincide." County Court v. Allen, 442 U.S. at 158, 99 S.Ct. 2213. As the Supreme Court explained in Leary v. United States, 395 U.S. 6, 36, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), "a criminal statutory presumption must be regarded as `irrational' or `arbitrary,' and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend."
In the instant case, the statute permits the State to prove the mens rea element of the offense ("for other than a lawful purpose") by proving lack of parental consent for the child to enter the structure, dwelling, or conveyance with the defendant. We cannot say with substantial assurance that a defendant's unlawful intent can be so presumed. For example, a neighbor who invites a child into their house for a perfectly innocent reason is not likely to seek parental permission. Thus, section 787.025(2)(b) must be deleted as an unconstitutional statutory presumption.
For the reasons discussed above, we reverse in part and affirm in part the decision below. As interpreted by this Court, we conclude that section 787.025 is not unconstitutionally vague or overbroad, *530 but that section 787.025(2)(b) must be deleted as an unconstitutional statutory presumption. We remand to the trial court to allow the defendant to withdraw his plea of nolo contendere and to conduct further proceedings.
It is so ordered.
WELLS, C.J., and SHAW, PARIENTE, and LEWIS, JJ., concur.
ANSTEAD, J., concurs specially with an opinion, in which PARIENTE and LEWIS, JJ., concur.
QUINCE, J., concurs in result only.
ANSTEAD, J., specially concurring.
I fully concur in the majority's opinion in construing and upholding section 787.025. As construed by the majority, this statute prohibits certain defined persons from intentionally luring children under the age of twelve into a structure or conveyance for an illegal purpose. Further, the State is not entitled to any presumptions in proving its case in court. As construed, I agree that the statute is a patently reasonable effort by our Legislature to protect Florida's young children.
PARIENTE and LEWIS, JJ., concur.
NOTES
[1] Section 787.025, Florida Statutes (1997), provides:

(1) As used in this section, the term:
(a) "Structure" means a building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof.
(b) "Dwelling" means a building or conveyance of any kind, either temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging together therein at night, together with the curtilage thereof.
(c) "Conveyance" means any motor vehicle, ship, vessel, railroad car, trailer, aircraft, or sleeping car.
(2)(a) A person over the age of 18 who, having been previously convicted of a violation of chapter 794 or s. 800.04, or a violation of a similar law of another jurisdiction, intentionally lures or entices, or attempts to lure or entice, a child under the age of 12 into a structure, dwelling, or conveyance for other than a lawful purpose commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(b) For purposes of this section, the luring or enticing, or attempted luring or enticing, of a child under the age of 12 into a structure, dwelling, or conveyance without the consent of the child's parent or legal guardian shall be prima facie evidence of other than a lawful purpose.
(3) It is an affirmative defense to a prosecution under this section that:
(a) The person reasonably believed that his or her action was necessary to prevent the child from being seriously injured.
(b) The person lured or enticed, or attempted to lure or entice, the child under the age of 12 into a structure, dwelling, or conveyance for a lawful purpose.
(c) The person's actions were reasonable under the circumstances and the defendant did not have any intent to harm the health, safety, or welfare of the child.
[2] Chapter 794, Florida Statutes, is entitled sexual battery.
[3] Section 800.04, Florida Statutes, proscribes lewd or lascivious offenses committed upon on or in the presence of persons under sixteen years of age.