TORPY, C.J.
The question we deem dispositive in this case is whether the proceeds of certain annuity contracts are exempt from garnishment pursuant to section 222.14, Florida Statutes (2013). The annuities at issue here were purchased by Appellant’s former husband, Michael Connor, but were distributed in substantial part to her in the final judgment of dissolution of their marriage. Appellant was in the process of effectuating the transfer of her interest in the annuities into her name when a judgment was entered against her in favor of Appellee. Thereafter, writs of garnishment were served on the annuity companies. The annuity companies answered the writs, acknowledging Appellant’s interest in the annuities. Appellant then filed a motion to dissolve the writs, asserting the statutory exemption based on her beneficial interest in the annuities. After hearing, the lower court concluded that Appellant was not the “beneficiary” of the proceeds, pursuant to section 222.14, because she was not the named annuitant. Consequently, it denied her motion to dissolve the writs. This appeal timely followed. Because we hold that Appellant was the beneficiary of the annuities, we reverse.
Section 222.14 provides an exemption from garnishment for the proceeds of an annuity contract in favor of the “beneficiary of such annuity contract.” The term beneficiary is not defined in chapter 222. Accordingly, we must construe the word in accordance with its plain and ordinary meaning. State v. Brake, 796 So.2d 522, 528 (Fla.2001). The exemption should be liberally construed in favor of the debtor. Killian v. Lawson, 387 So.2d 960, 962 (Fla.1980). Black’s Law Dictionary defines beneficiary as “[a] party who will benefit from a transfer of property or other arrangement.” Black’s Law Dictionary 157 (6th ed. 1990). Under this definition, Appellant is clearly a beneficiary of the annuity contracts because she is entitled to payment of the proceeds in accordance with the divorce decree. Accord In re Benedict, 88 B.R. 387, 389 (Bankr. M.D.Fla.1988) (recognizing that term *510 “beneficiary” includes any person with beneficial interest in annuity; beneficiary not necessarily one named in contract).
Appellee acknowledges that Appellant has a direct right to receive the proceeds of the annuity contracts by virtue of the final judgment entered in the divorce proceeding. Indeed, garnishment would not have been available to Appellee to collect a judgment against Appellant unless the proceeds of the contracts constituted a debt due to Appellant at the time the writs were served. Appellee argues, nevertheless, that only the named annuitant in an annuity contract is the “beneficiary” as that term is intended in the statute. To support this argument, Appellee places primary reliance on In re Pizzi, 153 B.R. 357 (Bankr.S.D.Fla.1993). Even assuming that we agree with that decision, it is readily distinguishable.
In In re Pizzi, the debtor won more than $3 million in the Connecticut lottery. The State of Connecticut purchased an annuity contract from Met Life from which it derived the income to make debtor’s annual payouts over twenty years. Id. at 359. The annuity contract issued by Met Life listed the State of Connecticut as the owner and beneficiary of the contract. Id. The debtor subsequently filed bankruptcy in Florida and sought to exempt the proceeds of the annuity contract under section 222.14. The bankruptcy court concluded that the proceeds of the annuity contract were not exempt because, even though the debtor was the “nominee” under the contract, she was not a beneficiary. It reasoned that the State of Connecticut received the annual proceeds and could make any use of the proceeds. In the event of a default by Connecticut, the debtor had no right to assert any claim under the annuity directly against Met Life. Id. at 361.
Here, by contrast, although Appellant was not the named annuitant, she did have a right to assert a direct claim against the annuity companies because Michael’s contractual rights had been transferred to her through the dissolution judgment. Very simply put, Appellant was the owner of her percentage interest in the annuities.
Accordingly, we reverse the order below and remand this cause with instructions that the trial court dissolve the garnishment writs served on Aviva Life and Annuity Company (regarding contract numbers 41728 and 40626) and Allianz Life Insurance Company of North America (regarding contract number 70155573).
REVERSED AND REMANDED.
GRIFFIN and EVANDER, JJ., concur.