# Third District Court of Appeal

## State of Florida

Opinion filed July 5, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0781
Lower Tribunal No. 19-0160
_____

**D.M.T., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Orlando A. Prescott, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for appellee.

Before LOGUE, C.J., and LINDSEY, and MILLER, JJ.

LINDSEY, J.

Appellant D.M.T., a juvenile, appeals from a final order withholding adjudication of delinquency and placing him on probation for trespassing in a school safety zone in violation of § 810.0975(2)(b), Florida Statutes (2022). D.M.T.'s primary argument on appeal is that the statute is unconstitutionally vague. Because the record reflects that D.M.T. had reasonable, advance notice that his actions violated the statute, we hold that D.M.T. lacks standing to bring a vagueness challenge. We therefore affirm.

## I.    BACKGROUND

In January 2019, D.M.T. was riding his bicycle across the street from his school during school hours when a school resource officer recognized him. The officer knew that D.M.T. had been suspended and that he was supposed to be at a suspension location away from the school. Moreover, the officer had given D.M.T. a written trespass warning four days before. When the officer called D.M.T. over, D.M.T. fled. The officer found D.M.T. in a park near the school and arrested him.

D.M.T. was charged by petition for delinquency with violating § 810.0975(2)(b), which prohibits trespass within a school safety zone:

> (b)1.   During the period from 1 hour prior to the start of a school session until 1 hour after the conclusion of a school session, it is unlawful for any person to enter the premises or trespass within a school safety zone or to remain on such premises or within such school safety zone when that person

2

does not have legitimate business in the school safety zone or any other authorization, license, or invitation to enter or remain in the school safety zone.

D.M.T. moved to dismiss on the basis that the school safety zone statute is unconstitutionally vague because it does not define the term "legitimate business" and therefore fails to give reasonable notice of the proscribed conduct. The lower court denied D.M.T.'s motion to dismiss, and the case proceeded to an adjudicatory hearing.

At the hearing, the school principal testified that on the day of D.M.T.'s arrest he was not allowed to be at the school because he was serving a suspension. The principal further testified that when she issued the suspension, she met with D.M.T. and his parents to inform them of the conditions. During the suspension, D.M.T. was supposed to be at a suspension location away from the school. D.M.T. was also told to stay 100 feet away from campus and specifically to stay away from school sidewalks and sidewalks across the street.

The State asked the principal if D.M.T. indicated he understood the conditions of his suspension. The principal answered in the affirmative. Defense counsel objected to this testimony on the basis that it amounted to a statement by D.M.T. that should have been disclosed in discovery. The lower court agreed there had been a discovery violation and conducted a

3

<u>Richardson</u> inquiry.[1]  Following its <u>Richardson</u> inquiry, the court determined that the discovery violation did not cause prejudice.

The school resource officer also testified at the hearing.  The officer testified that he caught D.M.T. trespassing on school property when D.M.T. was supposed to be at a suspension location away from the school.  The officer took D.M.T. to a school administrator and contacted D.M.T.'s parents to come pick him up.  Four days later, the officer saw D.M.T. across the street from the school on his bike during school hours.  D.M.T. was arrested and charged with violating the school safety zone statute, § 810.0975(2)(b).

At the close of the State's case, defense counsel moved for judgment of dismissal and renewed her pretrial objection that § 810.0975(2)(b) is unconstitutionally vague.  The court denied the motion based on the following observations:

> The testimony is that he was notified of the suspension, and then 4 days before this incident, he was back on school property. He was notified again, but he was not charged, but he was notified again, and then . . . when the officer saw him 30 feet away, across the street, approximately 30 feet away from the real property, the Court notes that he did not

---

[1] <u>See</u> <u>State v. Jones</u>, 321 So. 3d 354, 359 (Fla. 3d DCA 2021) ("A proper <u>Richardson</u> inquiry requires the lower court to address 'whether the [discovery] violation was inadvertent or willful, trivial or substantial, and whether it caused prejudice or harm to the opposing party.'" (quoting <u>Comer v. State</u>, 730 So. 2d 769, 774 (Fla. 1st DCA 1999))).

4

come onto the property to attempt to enter the school for a legitimate reason.

The trial court found D.M.T. guilty of trespass within a school safety zone in violation of § 810.0975(2)(b), withheld adjudication, and placed D.M.T. on probation. D.M.T. timely appealed.

## II. ANALYSIS

D.M.T.'s primary argument on appeal is that § 810.0975(2)(b) is unconstitutionally vague. D.M.T. also contends the trial court erred in admitting the school resource officer's collateral crimes testimony about D.M.T.'s prior trespass and that the trial court's Richardson inquiry improperly placed the burden on the defense to establish prejudice. We address each argument in turn.

### a. Vagueness

D.M.T. argues that § 810.0975(2)(b) is unconstitutionally vague because it requires a person to have "legitimate business in the school safety zone" but does not define "legitimate business." This undefined phrase, D.M.T. contends, fails to give adequate notice of the conduct that is prohibited or required. See O.P-G. v. State, 290 So. 3d 950, 957 (Fla. 3d DCA 2019) ("A fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of conduct that is forbidden

5

or required." (quoting F.C.C. v. Fox Television Stations, Inc., 567 U.S. 239, 253 (2012))).

Before we address the merits of D.M.T.'s vagueness challenge, controlling case law requires us to first determine whether he "has standing to raise this challenge by examining his conduct in the record before us." See J.L.S. v. State, 947 So. 2d 641, 646 (Fla. 3d DCA 2007) (citing State v. Brake, 796 So. 2d 522 (Fla. 2001); Dickerson v. State, 783 So. 2d 1144 (Fla. 5th DCA 2001)). "[T]he traditional rule is that a person to whom a statute may constitutionally be applied lacks standing to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the court." Id. "If the record demonstrates that the [defendant] engaged in some conduct clearly proscribed by the plain and ordinary meaning of the statute, then he cannot successfully challenge it for vagueness nor complain of its vagueness as applied to the hypothetical conduct of others." Id. (quoting Sieniarecki v. State, 756 So. 2d 68, 74 (Fla. 2000)).

In J.L.S., this Court considered a similar constitutional vagueness challenge to Florida's school safety zone statute. The relevant facts were as follows:

> J.L.S., a juvenile and student at Douglas
> MacArthur High School North, was spotted walking

6

through Miami Central High School's ("Central") safety zone at 7:25 a.m. on a school day by a police officer. On two prior separate occasions, J.L.S. had been warned not to return to Central's school safety zone. J.L.S. was arrested and a petition of delinquency was filed charging him with one count of trespass within a school safety zone in violation of Section 810.0975(2), Florida Statutes . . . .

Id. at 643.

J.L.S. challenged the facial validity of the statute, arguing it was impermissibly vague. Id. at 646. This Court concluded, based on J.L.S.'s conduct and the circumstances surrounding his arrest, that he lacked standing:

> We conclude that J.L.S. lacks standing in this case to raise a facial vagueness challenge to the statute with respect to the hypothetical conduct of others because his own actions fell within the statute's proscriptions. That is to say that at the time of his arrest, J.L.S. was committing a trespass after warning. He knew that he was in the school's safety zone at a proscribed hour and that his authorization to enter and/or remain in the safety zone had previously been revoked. Thus, not only is this statute not unconstitutional as applied in this case, but the appellant also lacks standing to raise a facial vagueness challenge.

Id.

Based on the record before us, we similarly conclude that § 810.0975(2)(b) constitutionally applies to D.M.T.; therefore, he lacks standing to challenge the statute as unconstitutionally vague. D.M.T.

7

contends that the statute "fails to apprise ordinary people that they can be incarcerated for ostensibly innocent conduct—like riding a bicycle too close to school property."[2] But the record reflects that D.M.T. was not arrested for simply riding his bike near school property.

It is undisputed that at the time of his arrest, during school hours, D.M.T. was serving a suspension. The school principal had informed D.M.T. he could not be at the school or within 100 feet of the school—including the sidewalk across from the school—during his suspension. The principal also told D.M.T. he was required to attend a suspension center away from the school. Further, four days before D.M.T. was arrested, the school resource officer caught D.M.T. trespassing on school property and truant from the off-

---

[2] D.M.T. relies heavily on Gray v. Kohl, 568 F. Supp. 2d 1378 (S.D. Fla. 2008). In Gray, members of Gideons International were arrested and charged with violating § 810.0975(2) for passing out Bibles on a public sidewalk near a school. Id. at 1385. The Gideons challenged the facial validity of Florida's School Safety Zone Statute in federal court. Id. The court held that the statute "is unconstitutionally vague because it does not provide citizens of ordinary intelligence with reasonable notice of the types of acts that the statute criminalizes." We do not reach this issue here because the record reflects that D.M.T. lacks standing based on the prior warnings he received, which gave him reasonable, advance notice that he was not permitted to be at or near the school while he was suspended. Moreover, we are not bound by Gray. See Meinecke v. State, 351 So. 3d 1196, 1201 (Fla. 2d DCA 2022) (declining to adopt Gray's vagueness analysis (quoting Taylor v. State, 120 So. 3d 540, 552 (Fla. 2013) ("[A] federal district or appeals court ruling that a Florida statute is unconstitutional is not binding on [Florida state] [c]ourt[s]."))). We are, however, bound by our decision in J.L.S., which requires the standing analysis we have employed here.

campus suspension center. The officer gave D.M.T. a written warning and once again informed him to stay away from the school during his suspension.

It is clear from the record that D.M.T. had reasonable, advance notice that he was not permitted to be at or on the sidewalks across from the school while he was suspended. D.M.T. also had notice he was supposed to be at an off-campus suspension center during school hours. Therefore, based on the record before us, we conclude D.M.T. lacks standing to challenge the school safety zone statute as unconstitutionally vague. Cf. J.L.S., 947 So. 2d at 646 ("[A]t the time of his arrest, [defendant] was committing a trespass after warning. He knew that he was in the school's safety zone at a proscribed hour and that his authorization to enter and/or remain in the safety zone had previously been revoked. Thus, not only is this statute not unconstitutional as applied in this case, but the appellant also lacks standing to raise a facial vagueness challenge.").

### b. The Prior Trespass

D.M.T. argues the trial court erred in admitting the school resource officer's testimony about the prior trespass because it was irrelevant collateral crimes evidence. We disagree. Evidence of collateral crimes "is inadmissible when the evidence is relevant solely to prove bad character or propensity." § 90.404(2)(a), Fla. Stat. (2022). But collateral crimes evidence

9

"is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Id.

Before the adjudicatory hearing, the State disclosed that it would be "asking the officer to testify as to a trespass warning that was given to the Respondent 4 days prior to this incident." The State further explained that the purpose of this testimony "will go towards the knowledge of the fact that he was not supposed to be on school property during his suspension because he was provided with additional warning on the 4 days prior to that."

In response, defense counsel stated, "I wouldn't necessarily have an objection to him discussing the trespass – that there was a warning given." However, during the adjudicatory hearing, defense counsel raised the following general objection throughout the officer's testimony, including his testimony about the trespass warning: "Objection, hearsay, relevance." The trial court overruled the objection and permitted the officer to testify.

Defense counsel also raised a relevance objection, which the trial court sustained, when the officer testified that D.M.T. had resisted an officer without violence:

> [THE OFFICER:] He ignored me and fled on his bike, which is really resisting an officer without violence because I called him over. I said, 'You're trespassing, come here.' –.

10

[DEFENSE COUNSEL]: Objection, relevance.

[TRIAL JUDGE]: Sustained, because he's not charged with that. That'll be disregarded by the Court. So, next thing.

At the conclusion of the officer's testimony, the trial judge went back to clarify the collateral crimes objections:

[TRIAL JUDGE]: Okay, for clarification, when the testimony was about when he called to the young man and the young man fled, and he started talking about resisting an officer without violence, I said that would not be considered by the Court, any other alleged violations, because it's not charged here.

Neither the State nor Defense counsel had anything further to add, and the officer was excused.

We review the trial court's determination to admit the officer's testimony about the prior trespass under the abuse of discretion standard. See, e.g., Mitchell v. State, 306 So. 3d 255, 257 (Fla. 3d DCA 2020) ("The admissibility of collateral crimes evidence 'is within the discretion of the trial court and its determination shall not be disturbed absent an abuse of that discretion.'" (quoting LaMarca v. State, 785 So. 2d 1209, 1212 (Fla. 2001))).

As an initial matter, it does not appear that D.M.T.'s collateral crimes argument is preserved for appellate review.[3]  See Sunset Harbour Condo. Ass'n v. Robbins, 914 So. 2d 925, 928 (Fla. 2005) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." (quoting Tillman v. State, 471 So. 2d 32, 35 (Fla. 1985))).

Below, when defense counsel was given notice of the State's intention to ask the officer to testify about the prior trespass, defense counsel did not object.  And although defense counsel raised a general objection to the officer's testimony during the adjudicatory hearing, counsel failed to raise the specific argument that the officer's testimony about the prior trespass was improper collateral crimes evidence when the trial judge asked if there were "any other alleged violations, because it's not charged here" at the conclusion of the officer's testimony.

But even assuming D.M.T.'s argument is preserved, we are unable to conclude that the trial court abused its discretion because the officer's testimony about the prior trespass was not used to prove bad character or

---

[3] D.M.T. has not filed a reply brief, and therefore, does not contest the State's argument that his collateral crimes argument is unpreserved.

12

propensity. <u>See</u> § 90.404(2)(a) ("Similar fact evidence of other crimes, wrongs, or acts . . . is inadmissible when the evidence is relevant solely to prove bad character or propensity."). Instead, the testimony was relevant to show that D.M.T. received prior notice that he could not be at the school during his suspension and that he was supposed to be at an off-campus suspension location. <u>See</u> <u>id.</u> ("Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ."); <u>see also</u> Charles W. Ehrhardt, <u>1 Fla. Prac., Evidence</u> § 404.13 (2022 ed.) ("If a defendant contends that he or she was unaware that a criminal act was being committed, evidence that the defendant acted similarly in the past is admissible to prove that the defendant possessed the necessary knowledge at the time in question.").

### c. The Trial Court's <u>Richardson</u> Inquiry

Finally, we briefly address D.M.T.'s argument that the trial court's <u>Richardson</u> inquiry erroneously placed the burden on the defense to establish prejudice. D.M.T. did not raise this objection below; it is therefore not preserved for appellate review. <u>See, e.g.</u>, <u>Nixon v. State</u>, 572 So. 2d 1336, 1341 (Fla. 1990) ("The requirement of a contemporaneous objection

13

is based on practical necessity and basic fairness in the operation of the judicial system. A contemporaneous objection places the trial judge on notice that an error may have been committed and thus, provides the opportunity to correct the error at an early stage of the proceedings.").[4]

## III.   CONCLUSION

Because the record reflects that D.M.T. had reasonable, advance notice that his actions violated the school safety zone statute, D.M.T. lacks standing to bring his vagueness challenge.  See J.L.S., 947 So. 2d 641.  We further conclude that D.M.T. is not entitled to relief based on his arguments that the trial court improperly relied on collateral crimes evidence and conducted an improper Richardson inquiry.  Accordingly, we affirm.

Affirmed.

---

[4] D.M.T. does not argue this unpreserved issue constitutes fundamental error.  See § 924.051(3), Fla. Stat. (2022) ("An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error.").