# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2065

_____

SIMON'S TRUCKING, INC.,

    Appellant,

    v.

CHARLES A. LIEUPO,

    Appellee.

_____

On appeal from the Circuit Court for Hamilton County.
William R. Slaughter, II, Senior Judge.

April 18, 2018

WOLF, J.

Appellant, Simon's Trucking, challenges a judgment entered in favor of Charles Lieupo, appellee, awarding him damages for personal injuries that the jury found he suffered after a tractor-trailer owned by Simon's Trucking was involved in an accident. Simon's Trucking argues the case should never have gone to trial because the Florida Supreme Court held that the statutory cause of action created by section 376.313(3), Florida Statutes, under which Lieupo filed his claim, does not permit recovery for personal injuries. We agree and reverse, though we certify a question of great public importance asking the supreme court to clarify the issue.

## I. Facts

Lieupo filed a complaint against Simon's Trucking, alleging it was strictly liable for injuries he suffered after one of its tractor-trailers was involved in an accident while transporting batteries, spilling battery acid onto the highway. Lieupo alleged he responded to the scene to tow away the truck and came into contact with the battery acid, which caused him serious personal injuries. He filed his complaint under section 376.313(3), Florida Statutes, which imposes strict liability for the discharge of certain types of pollutants.

Simon's Trucking argued that Lieupo could not seek recovery under section 376.313(3) because that statute did not permit recovery for personal injury. The trial court rejected this argument, and the case proceeded to trial.[1] The jury found the battery acid caused Lieupo's injuries and awarded him a total of $5,211,500 in damages. This appeal follows.

## II. Analysis

The sole issue before this court is whether section 376.313(3) permits recovery for personal injury.[2] This question of statutory interpretation presents a pure question of law, reviewed de novo. *Hardee Cty. v. FINR II, Inc.*, 221 So. 3d 1162, 1165 (Fla. 2017), *reh'g denied*, SC15-1260, 2017 WL 3015682 (Fla. July 17, 2017).

---

[1] Simon's Trucking raised this issue through a motion to dismiss, a motion for summary judgment, a motion for directed verdict, and a motion for judgment notwithstanding the verdict, all of which were denied by the trial court.

[2] During the trial, Simon's Trucking argued that Lieupo's injuries were caused by ant bites rather than battery acid and that his medical expenses were paid for by workers' compensation coverage. However, the narrow issue raised by Simon's Trucking on appeal does not pertain to these arguments. During oral argument, counsel for Simon's Trucking also acknowledged that the issue of whether the amount of damages was excessive was not before this court.

We conclude that the supreme court's decision in *Curd v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216 (Fla. 2010), precludes personal injury claims from being brought under section 376.313(3), but we certify a question of great public importance asking the court to clarify this issue.

## A. Framework of Chapter 376

Chapter 376 regulates the discharge and removal of certain pollutants. The two portions of chapter 376 at issue in this case are the Pollutant Discharge and Control Act, passed in 1970 and codified at sections 376.011-376.21, Florida Statutes (the "1970 Act"), and the Water Quality Assurance Act, passed in 1983 and codified at sections 376.30-376.317, Florida Statutes, (the "1983 act"). The 1970 act is intended to protect coastal waters and adjoining lands, whereas the 1983 act is intended to combat pollution to surface and ground waters. §§ 376.021, 376.041, 376.30(1)(b), & (2)(b), Fla. Stat.

Each act established a private cause of action to recover damages caused by pollution covered under that act. The 1970 act permits "any person" to bring a cause of action for "damages," which are defined as "the . . . loss of any real or personal property, or . . . destruction of the environment and natural resources, including all living things *except human beings*." §§ 376.205 & 376.031(5), Fla. Stat. (emphasis added). This definition of "damages" expressly states it applies to the 1970 act. § 376.031, Fla. Stat. ("When used in ss. 376.011-376.21 . . . the term: . . . 'Damage' means . . . .").

The 1983 act, under which appellee brought his cause of action, permits "any person [to] bring[] a cause of action . . . for *all damages* resulting from . . . pollution" regulated by that act. § 376.313(3), Fla. Stat. (emphasis added); *see also Aramark Unif. & Career Apparel, Inc. v. Easton*, 894 So. 2d 20, 28 (Fla. 2004) (finding the cause of action created by section 376.313(3) is one of strict liability). The 1983 act has its own definitional section, but it does not include a definition of the word "damages." § 376.301, Fla. Stat.

B. *Curd v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216 (Fla. 2010)

The Florida Supreme Court applied the 1970 act's definition of "damages" to a cause of action brought under the 1983 act in *Curd v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216, 1220 (Fla. 2010). However, the parties dispute whether this application was dicta, or whether the supreme court intended to hold that this definition of damages applies in all causes of action brought under section 376.313(3). This presents a close question primarily because the opinion alternatingly states that the court relied solely on the plain language of section 376.313(3) to reach its decision and that the court relied on an *in pari materia* reading of the definition of "damages" from the 1970 act. We find the court's application of the definition of "damages" from the 1970 act was part of the court's holding and not dicta; however, we certify a question of great public importance asking the court to clarify the matter.

In *Curd*, fishermen brought a cause of action under the 1983 act seeking damages for economic loss they suffered after pollution contaminated the waters where they fished. *Id.* at 1218. The trial court dismissed their claim because the fishermen lacked an ownership interest in the fish. *Id.* at 1219. The Second District affirmed that decision, but the supreme court reversed. *Id.* The supreme court framed the issue before it as "whether the private cause of action recognized in section 376.313(3), Florida Statutes (2004), allows commercial fishermen to recover damages for their loss of income despite the fact that the fishermen do not own any property damaged by the pollution." *Id.* at 1220. There was no action for personal injury brought in that case.

The court began by explaining, "In reaching our conclusion that chapter 376, Florida Statutes (2004), allows a cause of action by these plaintiffs, we have construed several provisions of the chapter *in pari materia* and given effect to the various sections." *Id.* Specifically, the court construed sections 376.315 and 376.30 as expressing a legislative intent for the 1983 act to be "liberally construed" to promote public and private interests, including "public health and safety," "the environment," and "other interests deriving livelihood from the state." *Id.* at 1221 (citing §§ 376.315 & 376.30(2)(b), Fla. Stat.).

The court then stated, "We find that section 376.313(3) and the language used in section 376.30 are *clear and unambiguous*, and we rely *solely on their plain language* to discover the legislative intent." *Id.* The court quoted section 376.313(3) and emphasized that it provides "*any person*" may bring a cause of action for "all damages." *Id.*

However, the court then applied the definition of "damages" from the 1970 act, characterizing it as applying to the entirety of chapter 376: "'Damage,' as used in chapter 376, is defined as '. . . destruction to or loss of any real or personal property . . . or . . . any destruction of the environment and natural resources, including all living things except human beings, as the direct result of the discharge of a pollutant.'" *Id.* (emphasis added) (quoting § 376.031(5), Fla. Stat). The court noted this definition permitted recovery not only for damages to real or personal property, but also for damages to natural resources. *Id.* at 1222. Further, the court noted that a lack of ownership of the damaged property was not one of the expressly enumerated defenses provided in the 1983 act. *Id.* The court concluded:

> In sum, the Legislature has enacted a far-reaching statutory scheme aimed at remedying, preventing, and removing the discharge of pollutants from Florida's waters and lands. To effectuate these purposes, the Legislature has provided for private causes of action to any person who can demonstrate *damages as defined under the statute.* There is nothing in these statutory provisions that would prevent commercial fishermen from bringing an action pursuant to chapter 376.

*Id.* (emphasis added).

In a concurrence, Justice Polston agreed with the majority's conclusion that the fishermen could bring their cause of action under the 1983 act. *Id.* at 1229-30. However, he disagreed with the majority's application of the "restrictive" definition of damages from the 1970 act because "the Legislature specified in section 376.031 that the definition only applies to . . . the 1970 act." *Id.* at 1230. Instead, he stated the majority should have liberally construed the "plain meaning" of the "all damages"

language from the 1983 act and concluded that "all damages" included the fishermen's claims of economic loss. *Id.*

It is somewhat difficult to determine whether the majority intended its *in pari materia* application of the definition of damages from the 1970 act to the fishermen's cause of action brought under the 1983 act to be its holding, or merely dicta.

Lieupo argues that *Curd* was not a personal injury case, and the court could not have intended to hold that this more restrictive definition of damages should be applied to prohibit all personal injury claims from being brought under the 1983 act. Such a holding would contradict the plain language of section 376.031, which states the "damages" definition only applies to the 1970 act. It would also contradict the court's statement that it reached its decision based "solely" on the "plain language" of sections 376.313(3) and 376.30, and the court's finding that the 1983 act should be liberally construed.[3] Instead, Lieupo suggests the supreme court merely looked to the 1970 act's definition for "guidance" and did not reach the question of whether *only* those damages available under the 1970 act could be sought under the 1983 act.

We cannot, however, overlook the fact that the *Curd* court specifically found the 1970 definition of damages was applicable to the fishermen's cause of action brought under the 1983 act. A

---

[3]   Appellee also argues there is no indication that the *Curd* court intended to overturn *Cunningham v. Anchor Hocking Corp.*, 558 So. 2d 93, 94 (Fla. 1st DCA 1990), which he interprets to have held that personal injury claims can be brought under the 1983 act. Though the plaintiffs in *Cunningham* sought damages for personal injuries, that court was not asked to address whether personal injury damages were recoverable under the 1983 act. Instead, the *Cunningham* court considered the limited issues of whether the 1983 act was applicable to certain gaseous pollutants and whether the alleged events occurred prior to the statute's effective date. *Id.* at 99. As such, *Cunningham* is not controlling.

court's statement is dicta if it is "not essential to the decision of that court." *State ex rel. Biscayne Kennel Club v. Bd. of Bus. Regulation of Dep't of Bus. Regulation*, 276 So. 2d 823, 826 (Fla. 1973). "When a court makes a pronouncement of law that is ultimately immaterial to the outcome of the case, it cannot be said to be part of the holding in the case." *Lewis v. State*, 34 So. 3d 183, 186 (Fla. 1st DCA 2010).

In order for the *Curd* court to answer the central question in that case of whether the fishermen's claims could be brought under the 1983 act, the court first had to determine what scope of damages was available under that act. The court found this scope of damages was defined by the 1970 act. The majority was clearly aware that the 1970 act's definition of damages stated that it was only applicable to that act, because Justice Polston pointed it out in his concurrence. Justice Polston also suggested that the majority could have proceeded by solely considering the plain meaning of the "all damages" language from the 1983 act. However, the majority did not follow that approach and instead found that the 1970 act's definition of damages was applicable to causes of action brought under the 1983 act. Thus, we cannot find that application was dicta.

As such, we are required to apply the 1970 act's definition of damages here, which precludes appellee's cause of action for personal injuries. However, because it is difficult to discern whether the *Curd* court actually intended for this definition of damages from the 1970 act to be applied to all causes of action brought under the 1983 act, we certify the following question as one of great public importance:

> DOES THE PRIVATE CAUSE OF ACTION CONTAINED IN SECTION 376.313(3), FLORIDA STATUTES, PERMIT RECOVERY FOR PERSONAL INJURY?

REVERSED; QUESTION CERTIFIED.

ROBERTS and WETHERELL, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Jason Gonzalez and Amber Stoner of Shutts & Bowen LLP, Tallahassee, for Appellant.

Frank A. Shepherd of Gray Robinson, P.A., Miami, for Amicus Curiae Florida Justice Reform Institute, in support of Appellant.

Peter D. Webster of Carlton Fields, Tallahassee; Michael J. Damaso, II, and Jackson W. Adams of Wooten Kimbrough, P.A., Orlando, for Appellee.