# Supreme Court of Florida

_____

No. SC18-657
_____

**CHARLES L. LIEUPO,**
Petitioner,

vs.

**SIMON'S TRUCKING, INC.,**
Respondent.

December 19, 2019

POLSTON, J.

We review the decision of the First District Court of Appeal in *Simon's Trucking, Inc. v. Lieupo*, 244 So. 3d 370, 374 (Fla. 1st DCA 2018), a case in which the First District certified the following question of great public importance:

> DOES THE PRIVATE CAUSE OF ACTION CONTAINED IN SECTION 376.313(3), FLORIDA STATUTES, [of the 1983 Water Quality Assurance Act] PERMIT RECOVERY FOR PERSONAL INJURY?

For the reasons explained below and receding from precedent as requested by

Lieupo, we answer the certified question in the affirmative.[1]

---

1. We have jurisdiction. *See* art. V, § 3(b)(4), Fla. Const.

# I. BACKGROUND

The First District set forth the pertinent facts as follows:

> Lieupo filed a complaint against Simon's Trucking, alleging it was strictly liable for injuries he suffered after one of its tractor-trailers was involved in an accident while transporting batteries, spilling battery acid onto the highway. Lieupo alleged he responded to the scene to tow away the truck and came into contact with the battery acid, which caused him serious personal injuries. He filed his complaint under section 376.313(3), Florida Statutes, [of the 1983 Water Quality Assurance Act] which imposes strict liability for the discharge of certain types of pollutants.
>
> Simon's Trucking argued that Lieupo could not seek recovery under section 376.313(3) because that statute did not permit recovery for personal injury. The trial court rejected this argument, and the case proceeded to trial. The jury found the battery acid caused Lieupo's injuries and awarded him a total of $5,211,500 in damages.

*Id.* at 371 (footnote omitted).

On appeal, the First District reversed the trial court's decision based on this Court's decision in *Curd v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216 (Fla. 2010). *Lieupo*, 244 So. 3d at 371, 374. In *Curd*, 39 So. 3d at 1221, the majority applied the 1970 Pollutant Discharge Prevention and Control Act's (the "1970 act") definition of "damage" to a claim for economic loss brought by commercial fishermen under the 1983 Water Quality Assurance Act (the "1983 act"). The 1970 act defines "damage" as "destruction to or loss of any real or personal property . . . or . . . any destruction of the environment and natural resources, including all living things *except human beings*, as the direct result of the discharge

- 2 -

of a pollutant." *Lieupo*, 244 So. 3d at 373 (emphasis added) (quoting *Curd*, 39 So. 3d at 1221 (quoting § 376.031(5), Fla. Stat.)).

The First District concluded that "the majority [in *Curd*] intended its *in pari materia* application of the definition of damages from the 1970 act to the fishermen's cause of action brought under the 1983 act to be its holding, [not] merely dicta." *Id.* Therefore, the First District concluded that it was "required to apply the 1970 act's definition of damages here, which precludes [Lieupo]'s cause of action for personal injuries." *Id.* at 374.

## II. ANALYSIS

We agree with the First District that it was required to apply this Court's decision in *Curd* and that this Court's application of the definition of "damage" from the 1970 act was part of this Court's holding in *Curd*. However, because it is not supported by the plain meaning of the 1983 act, we now recede as requested by Lieupo from *Curd*'s incorrect application of the 1970 act's definition of "damage" to a claim brought under the 1983 act.[2]

A court's determination of the meaning of a statute begins with the language of the statute. *Lopez v. Hall*, 233 So. 3d 451, 453 (Fla. 2018) (citing *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984)). If that language is clear, the statute is given its

2. The certified question presents an issue of statutory construction, which we review de novo. *Borden v. East-European Ins. Co.*, 921 So. 2d 587, 591 (Fla. 2006).

plain meaning, and the court does not "look behind the statute's plain language for legislative intent or resort to rules of statutory construction."  *City of Parker v. State*, 992 So. 2d 171, 176 (Fla. 2008) (quoting *Daniels v. Fla. Dep't of Health*, 898 So. 2d 61, 64 (Fla. 2005)).

As the First District summarized,

> [c]hapter 376 regulates the discharge and removal of certain pollutants.  The two portions of chapter 376 at issue in this case are the Pollutant Discharge [Prevention] and Control Act, passed in 1970 and codified at sections 376.011–376.21, Florida Statutes (the "1970 [a]ct"), and the Water Quality Assurance Act, passed in 1983 and codified at sections 376.30–376.317, Florida Statutes, (the "1983 act").  *The 1970 act is intended to protect coastal waters and adjoining lands, whereas the 1983 act is intended to combat pollution to surface and ground waters.*  §§ 376.021, 376.041, 376.30(1)(b), & (2)(b), Fla. Stat.

*Lieupo*, 244 So. 3d at 371-72 (emphasis added); *see, e.g.*, § 376.021, Fla. Stat. (2011) (entitled "Legislative intent with respect to pollution of coastal waters and lands"); § 376.041, Fla. Stat. (2011) ("The discharge of pollutants into or upon any coastal waters, estuaries, tidal flats, beaches, and lands adjoining the seacoast of the state in the manner defined by ss. 376.011–376.21 is prohibited.").

Specifically, section 376.031(5), Florida Statutes (2011), of the 1970 act defines "damage" as "the documented extent of any destruction to or loss of any real or personal property, or the documented extent, pursuant to s. 376.121, of any destruction of the environment and natural resources, including all living things *except human beings*, as the direct result of the discharge of a pollutant."

(Emphasis added.)  However, section 376.031 plainly specifies that the definition only applies to sections 376.011 through 376.21, namely the 1970 act.  *See* § 376.031 ("When used in ss. 376.011–376.21, unless the context clearly requires otherwise, the term . . . 'Damage' means . . . .").

To be clear, before 1990, the 1970 act did not include a definition of "damage" in its definitions section.  In 1990, the Legislature amended the definitions section of the 1970 act (section 376.031) to include the restrictive definition of "damage" applicable only to the 1970 act.  *See* ch. 90-54, § 10, at 145, Laws of Fla.  Then, in 1996, the Legislature amended the language in the cause of action section of the 1970 act.  The language in section 376.205 was changed from "all damages" to "damages, as defined in s. 376.031" (the definitions section of the 1970 act), which limited the damages recoverable under the 1970 act to those defined in section 376.031.  *See* ch. 96-263, § 13, at 1030, Laws of Fla.

While the 1970 act involves pollution of coastal waters and adjoining lands, the 1983 act provides a cause of action for those harmed by pollution of ground and surface waters.  *See* § 376.30, Fla. Stat. (2011) (entitled "Legislative intent with respect to pollution of surface and ground waters"); § 376.302(1)(a), Fla. Stat. (2011) (prohibiting the discharge of "pollutants or hazardous substances into or upon the surface or ground waters of the state or lands").  Section 376.315, Florida Statutes (2011), provides that "[s]ections 376.30–376.317, being necessary for the

general welfare and the public health and safety of the state and its inhabitants, shall be liberally construed to effect the purposes set forth under ss. 376.30–376.317 and the Federal Water Pollution Control Act, as amended." Additionally, section 376.30(2)(b) provides that the Legislature found and declared that spills, discharges, and escapes of pollutants "as a result of procedures taken by private and governmental entities involving the storage, *transportation*, and disposal of such products pose threats of great danger and damage to the environment of the state, to citizens of the state, and to other interests deriving livelihood from the state." (Emphasis added.)

In contrast to the 1970 act, the 1983 act does not and never has included any definition of damages in its definition section. *See* § 376.301, Fla. Stat. (2011) (setting forth the definitions for sections 376.30-376.317, 376.70, and 376.75 (the 1983 act)). Instead, the 1983 act provides for the recovery of "all damages." Specifically, section 376.313(3), Florida Statutes (2011), of the 1983 act states as follows:

> Except as provided in s. 376.3078(3) and (11), nothing contained in ss. 376.30–376.317 prohibits any person from bringing a cause of action in a court of competent jurisdiction for *all damages resulting from a discharge or other condition of pollution* covered by ss. 376.30–376.317. Nothing in this chapter shall prohibit or diminish a party's right to contribution from other parties jointly or severally liable for a prohibited discharge of pollutants or hazardous substances or other pollution conditions. Except as otherwise provided in subsection (4) or subsection (5), in any such suit, it is not necessary for such person to plead or prove negligence in any form or manner.

Such person need only plead and prove the fact of the prohibited discharge or other pollutive condition and that it has occurred. The only defenses to such cause of action shall be those specified in s. 376.308.

(Emphasis added.)

In this case, because Lieupo filed his cause of action under section 376.313(3) of the 1983 act, the "all damages" language of the 1983 act applies, not the more restrictive definition of the 1970 act that expressly only applies to the 1970 act. The plain meaning of "all damages" includes personal injury damages. *See Merriam-Webster's Collegiate Dictionary* 29 (10th ed. 1994) (defining "all" as "the whole amount or quantity of" and "as much as possible"); *Black's Law Dictionary* 471 (10th ed. 2014) (defining "damages" as "[m]oney claimed by, or ordered to be paid to, a person as compensation for loss or injury"); *Merriam-Webster's Collegiate Dictionary* 291 (10th ed. 1994) (defining "damage" as "loss or harm resulting from injury to person, property, or reputation"); *see also State v. Brake*, 796 So. 2d 522, 528 (Fla. 2001) ("[W]here a statute does not specifically define words of common usage, such words are construed in their plain and ordinary sense."). Moreover, the Legislature has directed that section 376.313(3) be liberally construed. *See* § 376.315, Fla. Stat. (2011) ("Sections 376.30–376.317 . . . shall be liberally construed to effect the purposes set forth under ss. 376.30–376.317 . . . ."). Accordingly, section 376.313(3) of the 1983 act provides for the

recovery of personal injury damages. If the text of the statute is overly broad as suggested by Simon's Trucking, that is an issue for the Legislature to address.

The majority in *Curd* applied the incorrect definition of "damage" to determine that the 1983 act allows commercial fishermen to recover damages for their loss of income. Specifically, the majority in *Curd* applied the 1970 act's definition of "damage" to a claim brought pursuant to the 1983 act. Section 376.031(5), the 1970 act's definition of "damage," excludes "destruction" to "human beings," which would preclude the recovery of personal injury damages. However, as explained above, the language of the 1970 act's definitions section clearly states that the definitions only apply to sections 376.011 through 376.21, namely the 1970 act. *See Curd*, 39 So. 3d at 1230 (Polston, J., concurring in part and dissenting in part).

### III. CONCLUSION

For the above reasons, we answer the certified question in the affirmative and hold that the plain meaning of "all damages" in section 376.313(3) of the 1983 act includes personal injury damages. As requested by Lieupo, we hereby recede from *Curd*'s incorrect application of the 1970 act's definition of "damage" to a claim brought under the 1983 act. Accordingly, we quash the First District's decision and remand for proceedings consistent with our decision.

It is so ordered.

CANADY, C.J., and LABARGA, LAWSON, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Certified Great Public Importance/Certified Direct Conflict of Decisions

      First District - Case No. 1D17-2065

      (Hamilton County)

Michael J. Damaso, II, and Jackson W. Adams of Wooten Kimbrough, P.A., Orlando, Florida; and Peter D. Webster of Carlton Fields, Tallahassee, Florida,

      for Petitioner

Jason Gonzalez and Amber Stoner Nunnally of Shutts & Bowen, LLP, Tallahassee, Florida,

      for Respondent

Kansas R. Gooden of Boyd & Jenerette, P.A., Jacksonville, Florida; and Andrew S. Bolin of Bolin Law Group, Tampa, Florida,

      Amicus Curiae Florida Defense Lawyers Association

Frank A. Shepherd of Gray Robinson, Miami, Florida; and William W. Large of Florida Justice Reform Institute, Tallahassee, Florida,

      Amicus Curiae Florida Justice Reform Institute